608

**Alejandro Galindez MARTINEZ,**
**Petitioner,**

v.

**Michael B. MUKASEY, Attorney**
**General, Respondent.**

**No. 06–74621.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 18, 2008 *.

Filed March 25, 2008.

Alejandro Galindez Martinez, Simi Valley, CA, pro se.

CAC-District, Los Angeles, CA, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Office of the District Counsel Department of Homeland Security, Robert N. Markle, Washington, DC, Linda S. Wendtland, U.S. Department of Justice Civil Div./Office of Immigration Lit. Washington, DC, for Respondent.

Before: CANBY, T.G. NELSON, and BEA, Circuit Judges.

MEMORANDUM **

Alejandro Galindez Martinez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' denial of his motion to reopen as untimely. In the motion, he sought to apply for protection under the Convention Against Torture following the denial of his application for cancellation of removal.

Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

Galindez Martinez contends that his motion to reopen was timely because there is no time limit for motions to reopen that seek relief under CAT and because he only recently became aware of government-sponsored torture in Mexico. Galindez Martinez filed his motion to reopen outside the ninety-day time limit set forth in 8 C.F.R. § 1003.2(c)(2). *Cf. Khourassany v. INS,* 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000) (discussing exception to time limit for CAT applicants ordered removed before March 22, 1999). In addition, he failed to present material evidence of changed country conditions that was not available and could not have been presented at the previous proceeding. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *He v. Gonzales,* 501 F.3d 1128, 1131–32 (9th Cir.2007).

Galindez Martinez also contends that he established a prima facie case of eligibility for relief under CAT. The generalized evidence attached to his motion did not meet this standard. *See Nuru v. Gonzales,* 404 F.3d 1207, 1216 (9th Cir.2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country); *Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that motion to reopen must establish prima facie case demonstrating reasonable likelihood that requirements for relief have been satisfied).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.